UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JASON LARA

           Plaintiff,

   -against-

MICHAEL C. SEMRAU,

           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, by his attorneys Sivin, Miller & Roche LLP, complaining of defendant, alleges as follows, upon information and belief:

### THE PARTIES AND JURISDICTION

1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

2. That at all times herein mentioned, plaintiff was incarcerated at Wende Correctional Facility (Wende), in Alden, NY, and was under the care, custody, and control of the New York Department of Corrections and Community Supervision (DOCCS).

3. That at all times herein mentioned, defendant was and is a citizen of the State of New York.

4. That at all times herein mentioned, defendant was employed by DOCCS as a correction officer at Wende.

5. That at all times herein mentioned, defendant was acting within the course and scope of his employment as a DOCCS correction officer.

5a. That alternatively, defendant was acting with motives independent of any legitimate purpose associated with his position as a DOCCS correction officer, and was acting with a personal stake in the outcome of his actions separate from the interests of DOCCS.

6. That at all times herein mentioned, defendant was acting under color of state law.

7. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the Eighth Amendment to the United States Constitution.

8. That venue is proper in the Western District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

9. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

10. That at all times herein mentioned, plaintiff had long suffered from severe traumatic brain injury and resulting diminished mental capacity, and as a result was particularly vulnerable to abuse and physical attacks by other incarcerated individuals.

11. That at all times herein mentioned, plaintiff had been repeatedly attacked by other individuals incarcerated at Wende, and was at much greater risk of additional physical attacks than were most other individuals incarcerated at Wende.

12. That at all times herein mentioned, defendant knew that plaintiff had been repeatedly attacked by other individuals incarcerated at Wende, and that plaintiff was at

much greater risk of additional physical attacks than were most other individuals incarcerated at Wende.

13. That at all times herein mentioned, plaintiff was housed in B-Block, 11 Company, at Wende.

14. That at all times herein mentioned, defendant was the officer in charge of the supervision and control of B-Block, 11 Company, and the individuals incarcerated therein.

15. That on October 7, 2021, plaintiff was inside his unlocked cell in B-Block, 11 Company when several other incarcerated individuals entered plaintiff's cell and brutally beat him.

16. That plaintiff's cell was supposed to have been locked when the other incarcerated individuals entered his cell.

17. That defendant knew that plaintiff's cell was supposed to have been locked when the other incarcerated individuals entered his cell.

18. That defendant intentionally and deliberately unlocked plaintiff's cell for the specific purpose of allowing the other incarcerated individuals to enter plaintiff's cell and physically beat him.

19. That defendant instigated and orchestrated the beating of plaintiff by the other incarcerated individuals.

20. That defendant, with a deliberate indifference to plaintiff's safety, unlocked plaintiff's cell and/or allowed plaintiff's cell to remain unlocked, thereby knowingly subjecting plaintiff to an almost certain risk of physical attack by other incarcerated individuals.

21. That defendant observed the other incarcerated individuals enter plaintiff's cell and physically beat plaintiff, had reasonable opportunities to prevent and/or stop the physical attack, and deliberately failed and refused to do so.

22. That following the brutal physical attack by plaintiff, which defendant witnessed, and after plaintiff exhibited obvious physical injuries from the attack, defendant issued plaintiff an Inmate Misbehavior Report for allegedly failing to promptly report an illness and injury, and that defendant falsely stated in the Report that plaintiff told him, "I fell in my cell and hit my face on the toilet."

23. That defendant's actions were reckless, intentional, sadistic, and malicious.

24. That defendant's actions were intended to cause and/or were undertaken with reckless disregard of the risk of causing plaintiff to suffer extreme emotional distress.

25. That defendant's actions shocked the conscience, and were so outrageous as to be outside the norms of conduct that would be tolerated in civilized society.

26. That as a result of defendant's actions, plaintiff sustained severe physical and psychological injuries, including but not limited to a broken nose and damage to the eyes, endured and will continue to endure pain and suffering and loss of enjoyment of life and extreme emotional distress, for which he underwent medial treatment, and was otherwise damaged.

## FIRST CAUSE OF ACTION
### (42 USC § 1983: Eighth Amendment)

27. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

28. That the aforementioned acts by defendant were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

29. That as a result thereof, plaintiff is entitled to recover damages from defendant pursuant to 42 USC § 1983.

## SECOND CAUSE OF ACTION
### (Battery under NY State Law)

30. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

31. That in the event it is determined that any of the aforementioned acts or failures to act alleged against defendant were performed outside the scope of defendant's employment or not in the discharge of defendant's duties as an officer or employee of DOCCS, within the meaning of New York Corrections Law § 24, plaintiff is entitled to recover damages from defendant under a state-law cause of action for assault and battery.

## THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under NY State Law)

32. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

33. That in the event it is determined that any of the aforementioned acts or failures to act alleged against defendant were performed outside the scope of defendant's employment or not in the discharge of defendant's duties as an officer or employee of DOCCS, within the meaning of New York Corrections Law § 24, plaintiff is entitled to recover damages from defendant under a state-law cause of action for intentional infliction of emotional distress.

WHEREFORE, plaintiff seeks judgment on the aforementioned causes of action against defendant for compensatory damages and punitive damages in amounts to be determined by the trier of fact, and plaintiff also seeks attorney's fees against defendant pursuant to 42 USC § 1988, and plaintiff seeks interest, costs, and disbursements of this action.

Dated:  New York, New York
    July 5, 2022

> Yours, etc.
> Sivin, Miller & Roche LLP
>
> By s/ Edward Sivin
> Edward Sivin
> Attorneys for plaintiff
> 20 Vesey St., Suite 1400
> New York, NY  10007
> (212) 349-0300