UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JASON LARA,

    Plaintiff,

v.

              22-CV-517 (JLS) (LGF)

MICHAEL C. SEMRAU,

    Defendant.

---

### DECISION AND ORDER

  Plaintiff Jason Lara commenced this civil rights action—claiming that Defendant Michael Semrau violated his Eighth Amendment right because he failed to protect Plaintiff from an assault. *See* Dkt. 1. Plaintiff also alleged two state law claims for battery and intentional infliction of emotional distress. *Id.* Defendant answered and raised various affirmative defenses. *See* Dkt. 8.

  Defendant filed a motion for summary judgment, arguing that this Court should dismiss the Complaint in its entirety because Plaintiff failed to exhaust his administrative remedies. Dkt. 17. Plaintiff responded (Dkt. 23), and Defendant replied.[1] Dkt. 26.

---

[1] In Defendant's reply, he argues that, if the Court dismisses Plaintiff's federal law claim, it should decline to exercise supplemental jurisdiction over the state law claims. *See* Dkt. 26.

On October 8, 2024, Judge Foschio[2] issued a Report and Recommendation ("R&R"), recommending that this Court grant Defendant's motion for summary judgment and decline to exercise supplemental jurisdiction over the remaining state law claims. Dkt. 27, at 22.

Judge Foschio concluded that Defendant met his burden of demonstrating that an administrative grievance process exists, and that Plaintiff failed to present evidence otherwise to establish a question of fact as to whether he exhausted his administrative remedies before commencing this action. *See id.* at 11, 15, 21. Judge Foschio relied on two declarations: the first is by Incarcerated Grievance Program ("IGP") Supervisor Joyce Krygier, and the second is by Central Office Review Committee ("CORC") Director of IGP Rachel Seguin. *See id.* at 12–21. They both submitted records showing that Plaintiff did not appeal the Superintendent's decision to CORC and, in their declarations, they outlined the process for submitting and appealing a grievance. *See id.* at 14; *see also* Dkt. 17-4; Dkt. 26, at 12–15.

Plaintiff filed objections. Dkt. 28. He requests that this Court reject Judge Foschio's R&R in its entirety. *See id.* Alternatively, Plaintiff argues that this Court should exercise supplemental jurisdiction over Plaintiff's remaining state-law claims if the Court dismisses Plaintiff's federal law claim. *See id.* at 5.

---

[2] This Court referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 9.

Defendant responded, arguing that this Court should adopt the R&R. *See* Dkt. 30. Plaintiff replied. *See* Dkt. 31.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts Judge Foschio's recommendations.

For the reasons stated above, and in the R&R, this Court GRANTS Defendant's [17] motion for summary judgment, and declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for the reasons set forth in the R&R. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated:     March 24, 2025
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE